T.C. Summary Opinion 2002-133


UNITED STATES TAX COURT


THOMAS H. PLOSS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1217-01S.            Filed October 10, 2002.


Thomas H. Ploss, pro se.

<u>David S. Weiner</u>, for respondent.


DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $2,226 for the taxable year 1998.

The issue for decision is whether petitioner must include certain retirement annuity payments in gross income.[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Wilmette, Illinois, on the date the petition was filed in this case.

Petitioner is an attorney and administrative law judge. He was employed by the Chicago, Milwaukee, St. Paul, and Pacific Railroad Company (Milwaukee Road) from 1966 until 1980, when his employment was terminated due to the company's bankruptcy. As a result of his employment at Milwaukee Road, petitioner became vested in benefits in the form of an annuity payable upon retirement. After petitioner's employment was terminated in

---

[1]Respondent also determined that petitioner received unreported tier 1 railroad retirement benefits, which for Federal tax purposes are treated in the same manner as Social Security benefits. Sec. 86(d)(1)(B). The parties agree that petitioner received $5,151 of such benefits in 1998, and that they were reported on petitioner's tax return, but that they were reported as pension or annuity income rather than as Social Security benefits. The portion of these benefits which is correctly includable in gross income pursuant to sec. 86(a) is computational and will be determined by our holding on the issue in this case.

1980, Milwaukee Road was merged into the Soo Line Railroad Company (Soo Line), and the Soo Line pension plan became the successor of the Milwaukee Road pension plan. In 1995, petitioner applied for retirement benefits in the form of an annuity from the Soo Line pension plan, and in the year in issue petitioner received $2,807 in benefits therefrom.

On his 1998 Federal income tax return, petitioner did not report any of the benefits received from the Soo Line pension fund. In the statutory notice of deficiency, respondent determined that petitioner had unreported pension or annuity income.[2]

Gross income generally includes income from whatever source derived, including income from pensions and annuities. Sec. 61(a)(9), (11); sec. 72(a). However, gross income does not include "that part of any amount received as an annuity under an annuity * * * contract which bears the same ratio to such amount as the investment in the contract * * * bears to the expected return under the contract". Sec. 72(b)(1); see also sec. 72(d).

Petitioner argues that no portion of the pension distributions he received in 1998 should be taxable because the benefits "were funded by contributions made by deductions from

_____

[2]The notice of deficiency states in one instance that the total pension and annuity income received by petitioner in 1998 was $3,677 and then states in another instance that it was $2,807. We accept the parties' stipulation that petitioner received total distributions of $2,807.

previously taxed earnings of petitioner." Petitioner, however, provides no evidence to support this assertion other than language used by Milwaukee Road in a 1981 document to the effect that petitioner had vested in certain pension benefits. Petitioner argues that the use of the term "vested" implies that he made contributions to the plan. However, the use of this term carries no such implication. See, e.g., sec. 411(a)(2) (minimum vesting requirements for contributions made by an employer on behalf of an employee under a qualified plan).

Petitioner asserts that, because the alleged contributions to the retirement plan were made with funds which had already been taxed, none of the benefits he now receives from the retirement plan should be subject to further taxation. However, petitioner cites, and we find, no authority for this proposition.

Assuming arguendo that petitioner in fact made contributions to the pension plan, petitioner may have been entitled to exclude that portion of the benefits he received which represents a ratable portion of his investment in the pension annuity. Sec. 72(b), (d). The excluded amount typically would have been a portion of the benefits he received in any given year and not, as petitioner argues, the entire amount of the benefits. Id. However, petitioner has provided no evidence supporting his assertion that he made any contributions, and we accordingly have

no way of determining his investment, if any, in the annuity.[3] Consequently, the full amount of the pension benefits is includable in his income.  Sec. 61(a)(9), (11); sec. 72(a).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.

---

[3]Sec. 7491(a) does not shift the burden of proof to respondent in this case because petitioner has provided no credible evidence with respect to his investment in the annuity. Sec. 7491(a)(1).